**CUBIC CORPORATION,**
Plaintiff-Appellant,

v.

**UNITED STATES of America,**
Defendant-Appellee.

No. 74–3386.

United States Court of Appeals,
Ninth Circuit.

Aug. 20, 1976.

Thomas F. Greaves, San Diego, Cal.,for plaintiff-appellant.

Gilbert E. Andrews, Gary R. Allen, and Arthur L. Bailey, Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

OPINION

Before HUFSTEDLER and TRASK, Circuit Judges, and FERGUSON,* District Judge.

PER CURIAM:

The taxpayer appeals from an adverse judgment of the district court in a refund suit. We affirm.

Cubic Corporation (Cubic), a California corporation, manufactured "Votronics" vote counting machines and desired to sell them to certain California counties. The counties were unable to purchase by outright cash

* Honorable Warren J. Ferguson, United States District Judge for the Central District of California, sitting by designation.

**830**

consideration because of the large amount involved; it was also believed that a contract of sale with payments to be made over a period of years would create a long term obligation that was prohibited under the California Constitution (Art. 11, § 18), unless an approval election were held. A lease-option agreement was settled upon and executed; it specifically provided that it should not be construed as a conditional sale contract.

For the tax years at issue here (1967–1969), as well as prior years not at issue, Cubic reported the rental payments as rental income and claimed deductions for depreciation on the machines. In 1973, however, it asserted that the payments were actually periodic purchase payments, including interest, on contracts of sale. Cubic then claimed that because the payments included interest, the interest item was excludable from taxable income because it constituted tax exempt interest on local government obligations under 26 U.S.C. § 103(a).

Cubic filed a claim for refund, and when disallowed by the Commissioner of Internal Revenue, it filed its complaint in the district court for refund of federal taxes erroneously assessed and collected. The case was tried to the court, which entered judgment for the government.

That the intent of the parties was to provide a legal means by which the counties *could eventually* acquire title does not change a clear lease-option agreement into a contract of conditional sale. The judgment of the district court is affirmed.